THE KILDALL COMPANY *v.* UNITED STATES

No. 7896.

Entry No. 198.

(Decided October 24, 1950)

Plaintiff not represented by counsel.

*David N. Edelstein*, Assistant Attorney General (*John J. Antus* and *Jerome Vale*, special attorneys), for the defendant.

FORD, Judge: The question involved in this appeal for reappraisement is the proper value of certain imported sardines in oil, which were exported from Norway and entered at the port of Minneapolis, Minn. The merchandise was entered at $14 per case, less 5 per centum commission, less an item of $13.45 covering loading and port charges, and was appraised at invoice unit value per case, less the above item of loading and port charges.

The only question litigated in this case was whether or not the 5 per centum commission was a dutiable item to be included as a part of the value of the merchandise. The plaintiff offered evidence tending to establish that its competitors were importing sardines such as and similar to those here involved from the same shipper and at approximately the same date, which were invoiced, entered, and

appraised at $14 per case, less 5 per centum. However, defendant offered an affidavit, marked exhibit B, in which deponent states, in part, as follows:

\* \* \* that his company represented A/S Standard, Ltd., of Stavanger, Norway, exporters of sardines and other fish products, from approximately May 1, 1947, to and including January 1, 1949. Deponent's firm was the representative of the said exporter for its products for the metropolitan area of New York City; that during said period deponent's firm obtained orders for first grade smoked Norwegian Bristling sardines in Norwegian sild sardine oil, packed in cases known as 100/4d tinplate tins; that during the said period orders were accepted at $14.00 U. S. currency per case f. o. b. Norway. There was no differential in price because of quantity sold; that deponent's firm received a commission during said period of 5% as a selling agent for said exporter.

That during the month of June, 1947, deponent obtained orders from the following firms for the said merchandise in the quantities indicated below, and that each of said purchasers paid $14.00 per case f. o. b. Norway for said merchandise, from which amount commissions were payable to deponent's firm as sales agent for the exporter; \*. \* \*.

The aforesaid affidavit also lists five sales to five different parties in New York, N. Y., which sales were confirmed on July 18, 1947, at $14 per case, f. o. b. Norway.

While it is unfortunate if the plaintiff here is required to pay duty on a higher value than its competitors are required to pay on similar merchandise, yet the record in this case, considered as a whole, is not sufficient to overcome the presumption of correctness attaching to the value found by the appraiser, or to establish a lower value for the instant merchandise.

I therefore find the proper dutiable export value of the merchandise covered by the above appeal to be the value found by the appraiser. Judgment will be rendered accordingly.